428

Anna Rue CAMP and John E. Venn, as Trustee of the Estate of Fariss D. Kimbell, Jr., M.D., Plaintiffs–Appellants,

v.

ST. PAUL FIRE AND MARINE INSURANCE COMPANY, Defendant–Appellee.

No. 91–3213.

United States Court of Appeals, Eleventh Circuit.

April 22, 1993.

George W. Estess, Kerrigan, Estess, Rankin & McLeod, Pensacola, FL, Talbot D'Alemberte, Adalberto Jordan, Steel, Hector & Davis, for plaintiffs-appellants.

Elmo R. Hoffman, J. Scott Murphy, Orlando, FL, William James Reedy, G.H. Small, Jr., Small & White, Atlanta, GA, J. Dixon Bridgers, III, Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Pensacola, FL, for defendant-appellee.

Before KRAVITCH, ANDERSON and BIRCH, Circuit Judges.

BIRCH, Circuit Judge:

■ On April 16, 1992, we issued an opinion in this case in which we requested the Florida Supreme Court's assistance with respect to a certified question concerning the intersection of insurance bad faith law and bankruptcy law. *See* 958 F.2d 340 (11th Cir.1992). The Florida Supreme Court answered the question by holding that a bankruptcy trustee may bring an action against the bankrupt's insurance company for the bad faith failure to settle a claim. *See* 616 So.2d 12 (Fla.1993). This holding was contrary to the district court's decision.

■ We note, however, that the district court properly dismissed Anna Rue Camp, a judgment creditor of the bankruptcy estate, as a plaintiff in this case. 127 B.R. 879. The Florida Supreme Court held that the bankruptcy trustee, John E. Venn, can maintain an action against the insurer because the bankruptcy estate "stood in the shoes of the debtor and, in effect, the estate became the insured." St. Paul's duty to act in good faith, thus, only ran to the bankruptcy estate, and Camp may not maintain an action against St. Paul for bad faith. In fact, it strains logic to understand why Camp, who received a judgment approximately $2.75 million above the policy limits in her separate medical malpractice action, was damaged by St. Paul's alleged bad faith refusal to settle within the policy limits in that case.

Therefore, the district court's opinion is AFFIRMED in part, REVERSED in part and REMANDED for further proceedings consistent with this opinion and that of the Florida Supreme Court.